UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DAWAYNE MCDUFFY,

    Plaintiff,

        v.                       CAUSE NO. 3:22-CV-1051-RLM-MGG

ENGLISH, et al.,

    Defendants.

## OPINION AND ORDER

James Dawayne McDuffy, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McDuffy is employed as a kitchen worker at the Miami Correctional Facility. He alleges that the kitchen has a bathroom that affords inmate no privacy whatsoever while using the restroom and that has a camera pointed directly at it. He further alleges that, because inmates are strip searched at the end of each shift, this level of intrusion upon his privacy isn't justified.

Inmates "maintain a privacy interest, although diminished, in their bodies" under the Fourth Amendment. Henry v. Hulett, 969 F.3d 769, 779 (7th Cir. 2020). However, security and safety concerns must be considered.

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize.

*Id.* (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns. Henry v. Hulett, 969 F.3d at 781. When reviewing this type of claim, courts must evaluate the reasonableness of the intrusion and afford prison administrators wide-ranging deference on matters of policy related to the need to "preserve internal order and discipline and to maintain institutional security." *Id.* at 783 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*.

While deference is afforded to prison officials in matters of intuitional security, Mr. McDuffy's complaint nonetheless states a claim against Warden English in his official capacity for injunctive relief and individual capacity for monetary damages. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a

proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). The complaint also states a claim against former Warden William Hyatte in his individual capacity for monetary damages, since Mr. McDuffy alleges that the camera was placed in the area at his direction.

Mr. McDuffy has also sued Grievance Specialist Michael Gapski and Grievance Supervisor Angie Hiesman because he's unhappy with how his grievances related to the kitchen bathroom have been handled. Mr. McDuffy, however, has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Mr. McDuffy can't proceed against Mr. Gapski or Ms. Hiesman.

For these reasons, the court:

(1) GRANTS James Dawayne McDuffy leave to proceed against Warden English in his official capacity for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment;

(2) GRANTS Mr. McDuffy leave to proceed against Warden English and Former Warden Hyatte in their individual capacities for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Grievance Specialist Michael Gapski and Grievance Supervisor Angie Hiesman;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden English at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Former Warden Hyatte at his last known address, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden English and Former Warden Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT