UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DAWAYNE MCDUFFY,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-1051-RLM-MGG

ENGLISH, et al.,

    Defendants.

OPINION AND ORDER

James Dawayne McDuffy, a prisoner without a lawyer, was given until June 26 to file an amended complaint. He has now filed both a motion to amend his complaint and a proposed amended complaint. Because this court had already granted Mr. McDuffy leave to amend his complaint, the motion wasn't necessary but will nonetheless be granted.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McDuffy's amended complaint alleges essentially the same facts as his earlier complaint. He is employed as a kitchen worker at the Miami Correctional

Facility. He alleges that the kitchen has a bathroom with a camera that affords inmates no privacy whatsoever while using the restroom. He asks that a partition be placed in the restroom to provide some privacy.

Inmates "maintain a privacy interest, although diminished, in their bodies" under the Fourth Amendment. Henry v. Hulett, 969 F.3d 769, 779 (7th Cir. 2020). However, security and safety concerns must be considered.

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize.

*Id.* (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns. *Id.* at 781. When reviewing these types of claims, courts must evaluate the reasonableness of the intrusion and afford prison administrators wide-ranging deference on matters of policy related to the need to "preserve internal order and discipline and to maintain institutional security." *Id.* at 783 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.*

Mr. McDuffy's complaint states a claim against Warden English in his official capacity for injunctive relief and individual capacity for monetary damages. *See*

Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). He has also stated a claim against Former Warden William Hyatte in his individual capacity for monetary damages, as Mr. McDuffy alleges that the camera was placed in the area at his direction.

Mr. McDuffy has also sued Grievance Specialist Michael Gapski and Grievance Supervisor Angie Hiesman because he's unhappy with how his grievances related to the kitchen bathroom and other grievances have been handled. The court has already explained that Mr. McDuffy has no constitutional right to access the grievance process. See Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

In the motion to amend, Mr. McDuffy reframes his argument as a First Amendment access to the courts claim. He alleges that Mr. Gapski has denied him access to the courts by making the grievance process unavailable and preventing him from exhausting his administrative remedies. An inmate, however, only needs to exhaust the administrative remedies that are available. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). If Mr. McDuffy complied with the grievance process and Mr. Gapski made the grievance process unavailable to him,

3

then Mr. McDuffy isn't prevented from litigating his case. Furthermore, "failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Mr. McDuffy's argument that Mr. Gapski has interfered with his right to access the courts is unconvincing.

The amended complaint also suggests that Mr. Gapski and Ms. Hiesman were acting out of retaliation when addressing his grievance because he had filed other grievances before. "To prevail on his First Amendment retaliation claim, [Mr. McDuffy] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. McDuffy provided only his conclusion that the manner his grievances were processed was based on retaliation. He hasn't included any facts suggesting a retaliatory motive on the part of Mr. Gapski or Ms. Hiesman.

Mr. McDuffy faults Ms. Hiesman for failing to supervise Mr. Gapski adequately. Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir 2019). The amended complaint, however, doesn't allege a constitutional violation, so he can't sue Ms. Hiesman for facilitating, approving, condoning, or turning a blind eye to a violation.

The amended complaint doesn't state a claim against Mr. Gapski or Ms. Hiesman, and the case will proceed on the same claims that were outlined in the court's earlier screening order. ECF 7.

Mr. McDuffy's motion for a preliminary injunction or temporary restraining order also is before the court. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case," Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020), but "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review

5

of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Mr. McDuffy argues that the level of intrusion upon his privacy caused by the camera in the kitchen restroom is unjustified because there is a window overseeing the restroom from the staff office and offenders are strip searched upon leaving the production kitchen.

Mr. McDuffy asks that a five-foot-tall partition be placed in front of the toilet to obscure the view when he is using the restroom, and that the camera be removed if the partition can't provide adequate privacy. The defendants note that the kitchen restroom isn't a single user restroom, so there is an increased need for surveillance to both discourage violence and have a record of what has occurred if there is an incident. The defendants also note that there has been a history of inmates using the space to smuggle contraband.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832

(1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. As already noted, prison officials must be afforded substantial deference on matters related to the safety and security of the facility. Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Mr. McDuffy might ultimately be able to demonstrate that the intrusions upon his privacy posed by the camera in the kitchen restroom area isn't warranted, but given the security concerns at issue, he hasn't shown a sufficient likelihood of success on the merits to warrant a preliminary injunction or temporary restraining order.

Mr. McDuffy also asks that the camera that views the kitchen workers' strip search area also be reviewed to ensure that he isn't being recorded in states of undress. Mr. McDuffy asks that the window in the staff office be covered or painted so that staff can't view him while undressed. Finally, he asks for an order that no retaliation be sought against him in the form of a transfer from the facility, honor dorm, or from his job. These requests, however, fall outside the scope of the claims that Mr. McDuffy is proceeding on in this case and therefore can't be granted.

For these reasons, the court:

(1) GRANTS James Dawayne McDuffy's Motion to Amend his complaint (ECF 22);

7

(2) DIRECTS the clerk to separately file Mr. McDuffy's proposed amended complaint (ECF 22-1);

(3) GRANTS Mr. McDuffy leave to proceed against Warden English in his official capacity for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment;

(4) GRANTS Mr. McDuffy leave to proceed against Warden English and Former Warden Hyatte in their individual capacities for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Grievance Specialist Michael Gapski and Grievance Supervisor Angie Hiesman;

(7) DENIES Mr. McDuffy's Motion for Preliminary Injunctive Relief and Temporary Restraining Order (ECF 10); and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden English and Former Warden Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 17, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT