UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAWAYNE MCDUFFY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:22-CV-1051-JVB-MGG |
| ) | |
| ENGLISH, *et al.*, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

James Dawayne McDuffy, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden English in his official capacity for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment[.]" ECF 24 at 8. Second, he is proceeding "against Warden English and Former Warden Hyatte in their individual capacities for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment[.]" *Id.* On July 26, 2023, the defendants filed a motion for summary judgment, arguing McDuffy did not exhaust his administrative remedies before filing this lawsuit. ECF 26. With the motion, the defendants provided McDuffy the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file: (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but McDuffy has not responded. Therefore, the Court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence []he contends will prove h[is] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), who attests to the following facts.[1] During all relevant times, MCF had an Offender Grievance Process in place that was available to McDuffy. ECF 28-1 at 2, 5-6. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2-5. McDuffy's grievance records indicate he did not complete any of these steps before filing this lawsuit, as he never filed any formal grievance regarding the surveillance of the MCF production kitchen restroom. *Id.* at 5-6. Accordingly, the evidence shows McDuffy did not submit a grievance regarding the issues central to his complaint and, therefore, did not exhaust his available administrative remedies before filing this lawsuit. *Id.* at 6.

Here, because it is undisputed McDuffy did not submit any grievance related to his claims in this lawsuit, and McDuffy provides no evidence his administrative remedies were unavailable, the defendants have met their burden to show McDuffy did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the Court:

(1) **GRANTS** the defendants' summary judgment motion (ECF 26);

(2) **DISMISSES** this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) **DIRECTS** the clerk to enter judgment in favor of the defendants and against James Dawayne McDuffy and to close this case.

SO ORDERED on October 30th, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because McDuffy has not responded to the defendants' summary judgment motion, the Court accepts the Grievance Specialist's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").